IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| FRED K. COLLINS, #266825, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:10cv630-ID |
| | ) | (WO) |
| J.C. GILES, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a *pro se* petition for a writ of habeas corpus filed by Alabama inmate Fred K. Collins ("Collins"). (Doc. No. 1.) Collins seeks an order from this court directing the State of Alabama to afford him a prompt trial on state charges pending against him in the Circuit Court of Henry County since April 2008. Collins is currently serving a state prison sentence based on a conviction unrelated to the charges he seeks to have adjudicated.

**DISCUSSION**

Collins is not entitled to federal habeas corpus relief because he has failed to exhaust his claims in state court. Habeas petitioners are required to exhaust state court remedies before seeking federal habeas review. Exhaustion is a statutory requirement in the case of 28 U.S.C. § 2254, and a common-law requirement in the case of 28 U.S.C. § 2241. *See Braden v. 30th Jud. Cir.*, 410 U.S. 484, 488-89 (1973); *Thomas v. Crosby*, 371 F.3d 782, 812

(11th Cir. 2004). In seeking a prompt trial on the state charges pending against him, Collins challenges matters unrelated to the state court judgment pursuant to which he is in custody. Therefore, his petition is not cognizable under 28 U.S.C. § 2254 and instead should be construed as a petition for relief under 28 U.S.C. § 2241.

The exhaustion requirement is the same for § 2254 and § 2241.[1] *See Dill v. Holt*, 371 F.3d 1301 (11th Cir. 2004) ("even though [petitioner] brought his petition seeking habeas relief under § 2241, he is nevertheless subject to § 2254's exhaustion requirement."). To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state courts such that the courts have the fair "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." *Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (in order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Collins represents that he has made repeated demands for a speedy trial in the trial court, seeking to have the State of Alabama promptly bring him to trial on the charges pending against him. He maintains that he does not seek dismissal of the charges, but rather an adjudication of those charges by the trial court. (Doc. No. 1 at p. 9.) Under Alabama law,

---

[1] For this reason, even if Collins's petition is cognizable under 28 U.S.C. § 2254, this court's adjudication of the petition would yield the same results.

"one complete round" of review of the State's failure to bring Collins to trial on the pending charges includes (1) filing a petition for a writ of mandamus in the Alabama Court of Criminal Appeals, arguing that the State should be directed to afford him a prompt trial on the charges, *see* Ala.R.App.P. 21; *Ex parte Anderson*, 979 So.2d 777, 779-80 (Ala. 2007); and (2) seeking review of the Court of Criminal Appeals' denial of the petition for a writ of mandamus by filing a similar petition in the Alabama Supreme Court, seeking a writ directing the State to afford him a prompt trial on the charges, *see* Ala.R.App.P. 21(e). Because Collins has failed to pursue these state remedies in full, he has failed to exhaust his claims in state court. This court does not deem it appropriate to rule on Collins's federal petition without first requiring that he exhaust such available remedies.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be DISMISSED without prejudice because Collins has failed to properly exhaust his state court remedies.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before February 16, 2011. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District

Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Boyington Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 25th day of January, 2011.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE